UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-81563-ROSENBERG

SCHWAN BUICK GMC
CADILLAC, INC.,

    Plaintiff,

v.

ELECTRONIC PAYMENTS,
INC., et al.,

    Defendants.
                                   /

## ORDER GRANTING THE DEFENDANTS' MOTIONS TO DISMISS

**THIS CAUSE** is before the Court on the Defendants' Motions to Dismiss at docket entries 41 and 42. The Plaintiff filed responses to the Motions. DE 43, 44. For the reasons set forth below, the Motions are granted.

This is a case involving the alleged negligent failure to protect banking information. The Plaintiff has named two Defendants, and each Defendant argues the operative Amended Complaint is a shotgun pleading that must be dismissed.

The quintessential shotgun complaint comingles different defendants' conduct together, and it results in unfair notice to the defendants of the factual grounds for the claim. *E.g., Weiland v. Palm Beach Cnty.*, 792 F.3d 1313, 1323 (11th Cir. 2015) (defining a shotgun pleading). Here, the Amended Complaint certainly lumps the Defendants together. The Plaintiff takes the position, however, that there is no lack of clarity. For support, the Plaintiff uses its Count III as example of a claim that puts the Defendants on fair notice.

Upon review of Count III, the Court disagrees. Below the Court quotes a portion of the Count:

> Upon information and belief, Defendant Envoy, through it/their employee(s) and/or contractual business partner(s) (aka Fraudster(s)), by logging into, or aiding and assisting in the logging into, Plaintiff's Confidential Information stored by Defendants and then gaining access to Plaintiff's Settlement Account and exceeding authorization in transferring Plaintiff's funds to another financial account not belonging to Plaintiff and other acts not known currently to Plaintiff, Defendants and/or Defendants via the Fraudster(s) have gained "access to a computer without authorization or exceeds authorization access" within the meaning of § 1030 of the CFAA.

DE 35 at 27. Although the Count begins by referencing a specific Defendant, Envoy, it then switches to referring to the Defendants collectively before pivoting to referencing "Defendants and/or Defendants via the Fraudster." *Id.* When the Court considers the Amended Complaint as a whole, with the quoted language above as a demonstrative example, the Court is persuaded that the Plaintiff's decision to combine multiple Defendants into single counts,[1] and to repeatedly reference the Defendants' conduct collectively, without delineation, has caused the Amended Complaint to qualify as a shotgun pleading.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Defendants' Motions to Dismiss [DE 41, 42] are **GRANTED** as to the Defendants' shotgun pleading arguments. The Court does not reach any other argument raised in the Motions and will instead address those arguments in the context of any future motions to dismiss that are in turn premised upon a pleading that is not a shotgun pleading. The Plaintiff's related motion for extension of time to file a response/reply [DE 43] is **DENIED AS MOOT**.

---

[1] The Plaintiff must also "separat[e] into a different count each cause of action or claim for relief," including any separate claims for negligent hiring and negligent supervision. *Weiland*, 792 F.3d at 1322-23; *see also* DE 41 at 7.

The Plaintiff shall file an amended complaint within seven days of the date of rendition of this Order. The Defendants shall file responsive pleadings or motions within seven days of the date the amended complaint is filed.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 6th day of May, 2025.

Copies furnished to:
Counsel of record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE